UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ADRIEN JOSEPH,

                 Plaintiff,

            - against -

EMIGRANT FUNDING CORP.;
EMIGRANT MORTGAGE CO., INC.;
RETAINED REALTY, INC.; SOL NEEDLE, ESQ.;
JACQUELINE M. DELLA CHIESA, ESQ.; and
STAGG, TERENZI, CONFUSIONE &
WABINK, LLP,

                 Defendants.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

**MEMORANDUM AND ORDER**
17-CV-595 (RRM) (RML)

       Plaintiff Adrien Joseph filed this *pro se* action challenging the foreclosure of his

commercial property located in Brooklyn, New York. (Compl. (Doc. No. 1).) Defendant Sol

Needle and the remaining defendants have each separately moved to dismiss. (Sol Mot. to Dis.

(Doc. No. 17); Mot. to Dis. (Doc. No. 20).) Joseph has also moved for appointment of counsel.

(Mot. to Appoint (Doc. No. 25).) For the reasons discussed below, the defendants' motions to

dismiss are granted, and Joseph's motion to appoint counsel is denied.

## BACKGROUND

       On March 30, 2009, defendant Emigrant Funding Corporation ("Emigrant Funding")

filed a foreclosure action in Kings County Supreme Court on a property owned by Joseph. (Mot.

to Dis. Ex. A (Doc. No. 20-2).) On May 4, 2011, the court granted default judgment, and on

January 29, 2013, the court granted judgment of foreclosure and sale. (Mot. to Dis. Ex. C (Doc.

No. 20-4), Ex. D (Doc. No. 20-5).) On October 1, 2015, the property was sold to defendant

Retained Realty in a foreclosure sale. (Mot. to Dis. Ex. K (Doc. No. 20-12).) On August 5,

2016, Joseph filed an action in Kings County Supreme Court challenging the foreclosure. (Mot. to Dis. Ex. U (Doc. No. 20-22).) Aside from a single paragraph on jurisdiction, the state court complaint is identical to his complaint in the current case. On December 15, 2016, the Kings County Supreme Court dismissed Joseph's case with prejudice. (Mot. to Dis. Ex. S (Doc. No. 20-20).) Joseph subsequently filed this action.

Here, and in his August 5, 2016, action, Joseph challenges the foreclosure of his property by Emigrant Funding. (Compl. at 9.)[1] Joseph alleges that the foreclosure was tainted by the improper assignment of his mortgage. (*Id.* at 5–6.) Specifically, he asserts that Emigrant Funding was the proper holder of his mortgage, and therefore Emigrant Mortgage Company should not have been able to obtain a judgment against him. (*Id.*) He also challenges the transfer of the mortgage from Emigrant Funding to Retained Realty, Inc. (*Id.*) Lastly, he claims that Emigrant Funding intentionally charged him a 24% interest rate when the highest legal rate was 16%. (*Id.* at 4.)

**STANDARD OF REVIEW**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all factual allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal* 556 U.S. at 678.

---

[1] For ease of reference, all citations to pages of the Complaint refer to the Electronic Case Filing System ("ECF") pagination.

The Court must be mindful that a *pro se* plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

## DISCUSSION

### I.      Subject Matter Jurisdiction

The district courts of the United States are "courts of limited jurisdiction" and may not preside over cases absent subject matter jurisdiction. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (internal quotation marks and citation omitted). "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332." *Perdue Pharma L.P. v. Kentucky,* 704 F.3d 208, 213 (2d Cir. 2013). "[B]ecause [subject matter jurisdiction] involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton*, 535 U.S. 625, 630 (2002). "[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Section 1331 gives the Court "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Bracey v. Bd. of Educ. of City of Bridgeport,* 368 F.3d 108, 113 (2d Cir. 2004). A case arises under federal law where federal law creates the plaintiff's cause of action or where "the well-pleaded complaint

'necessarily depends on resolution of a substantial question of federal law.'" *Bracey*, 368 F.3d at 113 (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 28 (1983)).

Here, Joseph alleges federal question jurisdiction pursuant to the Fraud Enforcement and Recovery Act of 2009 ("FERA"), and criminal bank fraud provisions 18 U.S.C. §§ 1344–45. Neither provides a valid basis for jurisdiction.

FERA allows private persons to bring civil actions on behalf of the government for violations of the False Claims Act. 31 U.S.C. § 3730(b)(1). However, in order to bring a suit under FERA, a plaintiff must meet numerous requirements. The plaintiff must serve the government with the evidence the plaintiff possesses, must file the complaint in camera, under seal, and must wait for a court order before serving the defendant. 31 U.S.C. § 3730(b)(1), (2). In addition, FERA claims cannot be brought *pro se*. *U.S. ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008). Because Joseph has not met any of these requirements, he cannot bring a claim under FERA.

Joseph also cannot bring a private suit to enforce criminal statutes. Because 18 U.S.C. §§ 1344–45 concern criminal bank fraud and the ability of the Attorney General to enjoin criminal fraud, neither can serve as the basis for federal jurisdiction in this case.

Plaintiff also cannot invoke subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as diversity of citizenship is lacking. All parties are citizens of New York.

Because plaintiff fails to allege a valid federal claim, and because the parties are not diverse, this Court does not have subject matter jurisdiction to hear Joseph's claims.

**II.** *Rooker-Feldman* **Doctrine**

Under the *Rooker-Feldman* doctrine, federal district courts cannot exercise appellate jurisdiction over final state-court judgments. *Lance v. Dennis*, 546 U.S. 459, 463 (2006). This

rule prohibits lower federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 281 (2005).

Here, Joseph is asking this Court to reject the state-courts' judgments in both the original foreclosure action and his subsequent case challenging the result of that action. Both of these state-court judgments were rendered before the initiation of this case. As a result, this Court lacks subject matter jurisdiction to hear Joseph's claims.

### III.    Motion to Appoint Counsel

"There is no legal right to counsel in civil cases." *Snyder v. New York State Educ. Dep't*, 486 F. App'x 176, 180 (2d Cir. 2012). Counsel may be appointed to indigent litigants pursuant to 28 U.S.C. § 1915(e)(1) if the movant's claims appears to be "of substance." *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994).

As discussed above, this Court lacks subject matter jurisdiction to hear Joseph's claims. Therefore, the Court declines to exercise its discretion to appoint counsel.

### CONCLUSION

For the reasons set forth above, the defendants' motions to dismiss for lack of subject matter jurisdiction (Doc. Nos. 17, 20) are granted.[1] Plaintiff's motion to appoint counsel (Doc. No. 25) is denied.

---

[1] In light of its duty to liberally construe pro se complaints, the Court has considered whether to grant leave to amend the complaint, but finds that amendment would be futile. *See Johnson v. Univ. of Rochester Med. Ctr.*, 642 F.3d 121, 124–25 (2d Cir. 2011).

Although plaintiff paid the filing fee to bring this action, the Court certifies pursuant to 28 U.S.C. § 1915 (a)(3) that any *in forma pauperis* appeal from this order would not be taken in good faith. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to enter judgment accordingly, mail a copy of this Memorandum and Order and the accompanying judgment to the *pro se* plaintiff, and close the case.

SO ORDERED.

Dated: Brooklyn, New York
      March 16, 2018

*Roslynn R. Mauskopf*

ROSLYNN R. MAUSKOPF
United States District Judge